DA 08-0276

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 81

IN RE THE MATTER OF THE TRUST ESTABLISHED
BY ALLAN H. BAIRD AND CATHERINE M. BAIRD

Donald Allan Baird, (Appellant) beneficiary, Zina Druesdow,
alternate trustee, and N. Kay Goulet, (Appellee) Trustee.

APPEAL FROM: District Court of the Ninth Judicial District,
In and For the County of Teton, Cause No. DG-05-001
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

P. Mars Scott; P. Mars Scott Law Offices; Missoula, Montana

For Appellee:

Steven T. Potts; Thompson, Potts & Donovan, P.C.; Great Falls, Montana

Submitted on Briefs: January 22, 2009

Decided: March 18, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Donald Baird, the beneficiary of a trust established by his parents, petitioned the Ninth Judicial District Court, Teton County, to remove N. Kay Goulet as trustee on the grounds that she breached her fiduciary duties. Baird appeals the District Court's denial of his petition. We affirm.

¶2 The issue presented is whether the District Court abused its discretion by denying the beneficiary's petition to remove the Trustee of the Trust.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On October 30, 1981, Allan and Catherine Baird (Trustors) signed a Trust Agreement establishing a trust for their son, Donald Baird (Baird). The Trust Agreement named Kay Goulet (then Kay Hagen), as trustee. The corpus of the trust consisted of real property, including a home, in Choteau, Montana, and mineral interests in Blaine County, Montana. The purpose of the Trust is to benefit and provide a home for Baird, and the remainder beneficiaries of the Trust are Goulet and Zina Druesdow, the designated successor trustee. The Trust Agreement also indicated that certain real property in Great Falls was to be a part of the trust, but the property was never transferred into the Trust. It was sold in 1989.

¶4 Donald Baird is one of the Trustors' biological children, and Goulet was raised by them as a foster child. Donald Baird was hit by a train and suffered severe injuries in 1970. His mother, Catherine Baird, lived with him in the house on the trust property in Choteau until her death in January 2005.

2

¶5 In October 2005, Goulet petitioned the District Court seeking modification of the Trust Agreement to allow her to sell the Trust property and invest the proceeds. She asserted that the Trust property in Choteau was dilapidated and dangerous, and that the Trust did not have the resources to maintain the house. Baird opposed the petition and counter-petitioned the court to remove Goulet as Trustee and replace her with Druesdow, the successor trustee. The District Court, Judge Buyske presiding, conducted a hearing on Goulet's modification petition and issued an order denying the petition in February 2006. The court ruled that the Trust property was not in such a condition that it needed to be sold to preserve the corpus of the Trust or accomplish the purposes of the Trust.

¶6 In October 2007, the District Court, Judge McKinnon presiding, conducted a hearing on Baird's counter-petition to remove the Trustee, and thereafter issued an order denying the petition. Additional facts will be discussed herein.

## STANDARD OF REVIEW

¶7 "We review a district court's findings of fact to determine whether they are clearly erroneous. We review a district court's conclusions of law to determine whether that court's interpretation of the law is correct." *In re Estate of Berthot*, 2002 MT 277, ¶ 21, 312 Mont. 366, 59 P.3d 1080 (citations omitted). As discussed below, we review a district court's denial of a petition to remove a trustee under an abuse of discretion standard.

## DISCUSSION

**¶8    Did the District Court abuse its discretion by denying the beneficiary's petition to remove the Trustee of the Trust?**

¶9    Baird argues that the District Court should have removed Goulet as trustee for breaching fiduciary duties because she (1) failed to provide Baird with an annual accounting, (2) did not pay the property tax and insurance premiums on the property and blocked Baird from paying the taxes, and (3) did not preserve the trust property and make it productive. The parties argue over what grounds require removal of a trustee and whether a district court has any discretion in removing a trustee. Baird asserts that any breach of the Trust requires removal and that the District Court did not have the authority or discretion to determine otherwise. Goulet argues that not every breach of the Trust requires removal and the District Court had discretion to determine whether removal of the Trustee is appropriate.[1]

¶10    Section 72-33-618, MCA, states in part:

> (1) A trustee may be removed in accordance with the trust instrument or by the court on its own motion or on petition of a cotrustee or beneficiary.
>
> (2) The grounds for removal of a trustee by the court include the following:
>
> > (a) if the trustee has committed a breach of the trust;
> > (b) if the trustee is insolvent or otherwise unfit to administer the trust;
> > (c) if hostility or lack of cooperation among cotrustees impairs the administration of the trust;

---

[1] In *Berthot*, we stated the issue as "[w]hether the District Court *had discretion* to deny Appellants' request to remove" the trustee, but did not further analyze this standard of review and ultimately affirmed on the ground that the district court's findings of fact and conclusions of law were supported by the evidence and legally correct. *Berthot*, ¶¶ 22, 42 (emphasis added).

(d) if the trustee fails or declines to act; or

(e) for other good cause.

¶11     The official comments to § 72-33-618, MCA, explain that this statute is based upon the *Restatement (Second) of Trusts* § 107 (1959), the California Probate Code, and the Texas Trust Code.  The comments in the *Restatement (Second) of Trusts* explain that a court "may remove a trustee if his continuing to act as trustee would be detrimental to the interests of the beneficiary.  The matter is one for the exercise of reasonable discretion by the court."  *Restatement (Second) of Trusts* § 107 cmt. a; *see also Restatement (Third) of Trusts* § 37 cmt. d (2003) ("The matter is largely left to the discretion of the trial court, but is subject to review for abuse of discretion.").[2]  We agree with these comments and will apply an abuse of discretion standard of review to examine a district court's denial of a request to remove a trustee, in addition to reviewing findings of fact and conclusions of law under the usual standards of review stated earlier herein.

¶12     Concerning the grounds for removal of a trustee, the official comments to § 72-33-618, MCA, refer to comment b of the *Restatement (Second) of Trusts*, which provides that "the commission of a serious breach of trust" constitutes grounds for removal of a trustee. *Restatement (Second) of Trusts* § 107 cmt. b.  As suggested by the *Restatement (Third) of Trusts* § 37 cmt. e, this can include the "repeated or flagrant failure or delay in providing proper information or accountings to beneficiaries."  However, "[n]ot every breach of trust warrants removal of the trustee . . . but serious or repeated misconduct, even unconnected with the trust itself, may justify removal."  *Restatement (Third) of*

---

[2] We have not considered whether to formally adopt the *Restatement (Third) of Trusts*.  That question has not been presented or briefed here.

*Trusts* § 37 cmt. e.  Consistent with our recognition that a district court possesses discretion in determining whether or not to remove a trustee, we also conclude that not every breach of the trust requires removal of the trustee as a matter of law, but is subject to the trial court's discretionary review.  Upon these principles, we turn to Baird's challenges.

¶13   Baird challenges Goulet's failure to provide annual accountings.  Both the Trust Agreement and statutory law require annual accountings.  The Trust Agreement states that the "Trustee shall keep books of accounts and shall render an annual accounting of the Trust to the Beneficiary."  Section 72-34-126, MCA, states that "[e]xcept as provided in 72-34-127, the trustee shall annually mail each income beneficiary an itemized statement of all current receipts and disbursements of both principal and income."  None of the exceptions of § 72-34-127, MCA, apply to this case.

¶14   The District Court found that Goulet had never provided an annual accounting to Baird, but accepted Goulet's argument, likewise made on appeal, that because the trust had no income or disbursements, there was "nothing to account for."  In concluding that good cause did not exist for Goulet's removal, the District Court reasoned that "[w]hile an annual accounting is required, there has been nothing in the trust except for the property for which to provide and [sic] accounting.  The oil and gas leases are not income producing at this time."

¶15   Other states have reached similar conclusions.  The Supreme Court of Iowa held that failure to provide annual accountings does not always require removal of the trustee. *Schildberg v. Schildberg*, 461 N.W.2d 186 (Iowa 1990).  In *Schildberg*, the court

6

recognized that the trustee breached the trust by failing to provide annual reports. *Schildberg*, 461 N.W.2d at 191. Nonetheless, the court stated that "[t]here is no evidence to indicate that the omission to report resulted from a motive on the part of Dennis to take advantage of the beneficiaries. Nor do we find evidence to suggest that the effectiveness of the trust has been impaired, despite this technical violation, or that the intent of the settlor has been thwarted." *Schildberg*, 461 N.W.2d at 191.

¶16 Similarly, the Supreme Court of Minnesota has upheld the denial of a petition to remove a trustee where the trustee failed to provide annual accountings. *Matter of Gershcow's Will*, 261 N.W.2d 335, 340 (Minn. 1977) ("While these important and necessary statutory provisions requiring annual accounting were violated, the trial court did not abuse its discretion in failing to remove the trustee for inconsequential deviations from legal requirements in the past.").

¶17 On this record, we conclude that the District Court did not abuse its discretion in determining not to remove Goulet as trustee for failure to file annual accountings. Nonetheless, it should be emphasized that failing to file an annual accounting is a violation of the statute and the Trust Agreement. As a matter of course, annual accountings must be completed by the Trustee. The parties' briefing disputes whether the Great Falls property referenced above was part of the trust corpus, and whether its 1989 sale should have been part of an accounting. Although the District Court did not find this property to be part of the trust, an annual accounting would have identified this issue long ago, and perhaps resolved the matter between the parties, instead of allowing it to linger for many years. Further, the beneficiary is entitled to know whether there has been any

7

activity with regard to the trust's mineral interests. Thus, we agree with the conclusion reached by the *Gershcow* court: "[w]hile there are some deviations from the required statutory requirements in the preparation of these accounts, we are satisfied that, if they are corrected in the future, the rights of all parties can be adequately protected." *Matter of Gershcow's Will*, 261 N.W.2d at 340 (quotation omitted). In the future, the Trustee is to file annual accountings for the Trust. This will serve to protect the rights of the parties.

¶18 Baird also claimed in the District Court that Goulet should be removed as Trustee because she failed to pay insurance premiums and certain taxes in a timely manner. On appeal, Baird does not dispute the District Court's conclusion that Goulet was not obligated to use her personal funds to pay the taxes and insurance premiums, but challenges Goulet's interference with his attempts to pay the taxes himself.

¶19 The record shows that between the first and second hearings in this case the parties disagreed as to whom the county should send the tax statements. At the hearing, Goulet testified that as Trustee she should receive the tax statements but has no problem with letting Baird pay the taxes. After the hearing, the District Court entered an order allowing Baird to pay taxes on the property. Thus, the issue of whether Baird may pay the taxes is settled, and neither party challenges it. Goulet's interference with Baird's efforts to pay taxes was temporary, apparently done in good faith, and does not require a conclusion that the District Court's resolution was an abuse of discretion.

¶20 Baird raises several other issues that do not merit a detailed discussion. Baird challenges several factual findings, but he has not established that they were clearly

8

erroneous. Also, Baird asserts that the District Court should have removed Goulet for failure to preserve the trust property and make it productive by being unaware of mineral interests in the trust. However, Baird has not factually demonstrated an error by Goulet necessitating her removal.

¶21 We conclude that the District Court, after considering all of Baird's claims, did not abuse its discretion by denying his request to remove Goulet as Trustee.

¶22 Affirmed.


/S/ JIM RICE


We concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS