FILED

11/29/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0304

DA 16-0304

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 315N

IN THE MATTER OF THE ESTATE OF:

A.H.E.,

an Incapacitated Person.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DG 14-132
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Duke, Duke Law Firm, Billings, Montana

For Appellee:

Michael Usleber, Terry L. Seiffert, Attorneys at Law, Billings, Montana

Submitted on Briefs: November 2, 2016

Decided: November 29, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      The parties in this case are involved in two court proceedings: a guardianship proceeding in the Thirteenth Judicial District Court, Yellowstone County (hereinafter Yellowstone District Court), and a partnership removal proceeding in the Eighteenth Judicial District Court, Gallatin County (hereinafter Gallatin District Court).  It is an order in the Yellowstone District Court proceeding that is the subject of this appeal, but the Gallatin District Court proceeding will be referenced when necessary.

¶3      A.H.E. is 90 years old and is incapacitated, suffering from dementia and blindness. She is the mother of son Ian and daughter Cindy.  In 2006, A.H.E. and her husband, who died in 2010, established a limited partnership named StarFire L.P.  A.H.E. owns a 96.34% interest in StarFire and Cindy and Ian each own 1.83% interest.  A.H.E. has lived with and been cared for by Ian since January 2011.  Until December 2014, A.H.E. received approximately $3,300/month in pension, social security and rental property income from StarFire.  After December 2014, as discussed below, A.H.E. stopped receiving rental income from StarFire and receives approximately $2,350/month in social security and pension.

2

¶4     On October 24, 2014, Starfire brought an action against Ian in the Gallatin District Court seeking to remove Ian as a general partner of StarFire.  On October 29, 2014, Ian, acting pro se, petitioned the Yellowstone District Court to be appointed temporary and permanent guardian and conservator of A.H.E.  Ian alleged that Cindy was financially exploiting their mother through control of StarFire.  He claimed that Cindy was attempting to remove him as an equal general partner and that she intended to sell A.H.E.'s assets and retain the funds.  Following a hearing in late November 2014, the Yellowstone District Court appointed Ian as his mother's permanent guardian and Joyce Wuertz, an independent accountant, as A.H.E.'s conservator.

¶5     In December 2014, the Gallatin District Court issued an order acknowledging a $60,000 sale of StarFire property to the Amsterdam School District and ordered that the funds be placed with the Gallatin District Court.  The court also prohibited Ian and Cindy from withdrawing any funds from StarFire's bank accounts without each other's written consent or approval by the court.  In a January 2015 order, the Gallatin District Court issued an order declining to consider pending motions in the injunction case until newly-appointed Wuertz had the opportunity to develop her positions in the Yellowstone District Court guardianship proceeding.  In March 2015, Wuertz attempted to resolve the disputes between the siblings; however, no stipulation or agreement could be established.  Consequently, for several months Wuertz was without funds to pay StarFire's expenses or the full expenses for A.H.E.'s care.

¶6     In April 2016 Ian, acting pro se, moved to have Wuertz removed as conservator.  Ian asserted, among other things, that Wuertz was ineffective in securing relevant records

necessary to her duties as conservator and that she failed to properly evaluate A.H.E.'s assets or take a "position on behalf of A.H.E. regarding income." Wuertz moved to have the Motion to Remove Conservator dismissed on the grounds that Ian's motion did not make a prima facie case under § 72-5-414, MCA. Ian objected to Wuertz's motion and on May 10, 2016, the Yellowstone District Court denied Ian's motion to remove Wuertz. Ian appeals. We affirm.

¶7 Ian argues that the Yellowstone District Court erred by denying his motion to remove the conservator. However, we do not review a district court's denial of a request to remove a conservator for error. We review such a decision for an abuse of discretion. *See* § 72-5-423, MCA ("[A] conservator is to act as a fiduciary and shall observe the standards of care applicable to trustees."); *In re Baird*, 2009 MT 81, ¶ 11, 349 Mont. 501, 204 P.3d 703 (Removal of a trustee is an exercise of discretion by the court.). *See also In re Guardianship of Saylor*, 2005 MT 236, ¶ 17, 328 Mont. 415, 121 P.3d 532. A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *In re Estate of Hannum*, 2012 MT 171, ¶ 18, 366 Mont. 1, 285 P.3d 463.

¶8 Section 72-5-414, MCA, governs removal of a conservator for cause and states:

> The court may remove a conservator for good cause, upon notice and hearing, or may accept the resignation of a conservator. After the conservator's death, resignation, or removal, the court may appoint another conservator. A conservator so appointed succeeds to the title and powers of the predecessor.

¶9 Section 72-38-706, MCA, cited by both Ian and Wuertz in their appellate briefs, is applicable as well and governs removal of a trustee. It provides:

4

(1) The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

(2) The court may remove a trustee if:

(a) the trustee has committed a serious breach of trust;

(b) lack of cooperation among cotrustees substantially impairs the administration of the trust;

(c) because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively and impartially, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

(d) there has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

(3) Pending a final decision on a request to remove a trustee or in lieu of or in addition to removing a trustee, the court may order appropriate relief under 72-38-1001(2) as may be necessary to protect the trust property or the interests of the beneficiaries.

¶10   Ian argues that under both §§ 72-5-414, MCA, and 72-38-706(2), MCA, he established a prima facie case for removal. He claims that he set forth Wuertz's deficiencies such as failure to secure necessary financial records and failure to properly coordinate insurance payments and that he cited relevant statutes in his argument. He states that he has established a prima facie case that Wuertz's actions and inactions show her unfitness, her unwillingness to fulfill her duties and her failure to manage A.H.E.'s assets.

¶11   Wuertz counters that she fulfilled her duties as conservator of A.H.E.'s estate and that Ian's alleged grounds for removal do not meet the standard for removal.

5

¶12 A prima facie case is "[t]he establishment of a legally required rebuttable presumption," or a "party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Black's Law Dictionary* 1382 (Bryan A. Garner ed., 10th ed. 2014). Section 72-5-414, MCA, requires that Ian establish "good cause" to remove Wuertz as conservator. "Good cause" is not defined by the statute. However, § 72-38-706(2)(a)-(d), MCA, governing the removal off a trustee, sets forth four specific circumstances under which a trustee may be removed. It is undisputed that Ian did not allege or produce evidence of cause under § 72-38-706(2)(a), (b), and (d), MCA.

¶13 Additionally, while Ian claims to have set forth evidence of "unfitness, unwillingness, or persistent failure" of Wuertz to administer A.H.E.'s estate effectively and impartially as required by § 72-38-706(2)(c), MCA, the Yellowstone District Court reviewed the record and apparently concluded that Ian failed to produce evidence to support the allegation. While the court did not issue any factual findings in its order, Wuertz asserts that Ian demanded that she obtain financial records for sixteen years, and that she conduct an audit of StarFire finances after another accountant had already conducted such an audit. Wuertz further maintains that Ian's refusal to join in a stipulation with his sister concerning the release of funds prohibited her from effectively performing her responsibilities.

¶14 We conclude, based upon our review of the record, that the Yellowstone District Court did not abuse its discretion in denying Ian's motion to remove Wuertz as conservator.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the Yellowstone District Court's ruling was not an abuse of discretion.

¶16 We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE