

FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0473

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0473

**FILED**

**SEP 2 1 2021**

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IAN ELLIOT,

Petitioner,

v.

**ORDER**

JOSEPH WOMACK and CINDY ELLIOT,

Respondents.

---

Representing himself, Ian Elliott has filed a "Petition for Writ of Injunction or Supervisory Control or Other Appropriate Writ" concerning a probate matter from the Thirteenth Judicial District Court, Yellowstone County. Elliot seeks to set aside four District Court Orders, dated June 10, 2021, June 14, 2021, August 10, 2021, and August 11, 2021. This Court observes that Elliot has a pending appeal of the same underlying probate matter with the same parties. *Estate of Elliot*, No. DA 21-0343, Notice of Appeal filed Jul. 14, 2021.

Supervisory control is an extraordinary remedy. "Supervisory control is appropriate 'when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of' three enumerated circumstances exist. M. R. App. P. 14(3)." *City of Billings ex rel. Huertas v. Billings Mun. Court*, 2017 MT 261, ¶ 2, 389 Mont. 158, 404 P.3d 709.

Elliot's intent is to enjoin "execution of the property sale order pending appeal." He contends that the District Court has erred in its decisions and that this case meets the requirements set forth in M. R. App. P. 14(3). Elliot asserts that his issues "are 'purely legal' questions regarding whether Ada Estate's distribution should follow the mandatory statutory requirement," and three other issues. Elliot states that the case has state-wide implications and that it must be a case of first impression because he could find no pertinent case law.

This Court concludes that supervisory control is not warranted because Elliot has a remedy with a timely appeal pending.[1] Elliot has not demonstrated inadequacy of the normal appeal process, nor has he shown purely legal questions. *City of Billings*, ¶ 2. He has not crystallized any of the three other criteria, pursuant to M. R. App. P. 14(3)(a)-(c). Many fact-intensive aspects exist in this matter, which has spanned several years in District Court.[2] Injunctive relief is not appropriate either. *See* §§ 27-19-101, through 27-19-406, MCA. Elliot requested a stay in the District Court, which the court denied in its June 14, 2021 Order, the basis of his appeal. This Court benefits from a review of the entire record on appeal along with briefing to determine the claims that Elliot presents about the District Court and this probate proceeding. Accordingly,

IT IS ORDERED that Elliot's Petition for a Writ of Injunction or, alternatively Supervisory Control, is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Ian Elliot personally.

DATED this 21 day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

---

[1] Elliot has filed an "Emergency Motion for Injunctive Relief or Stay District Court Order Pending Appeal" in his appeal as well. Opposing counsel filed a response in opposition recently.

[2] *See also In the Matter of the Estate of A.H.E.*, No. DA 16-0304, 2016 MT 315N, 2016 Mont. LEXIS 1002 (Nov. 29, 2016) (This matter concerned the conservatorship of Ada Elliot).

2